STATE, Respondent, v. SCOTT, Appellant.

(215 N. W. 692.)

(File No. 6474.   Opinion filed October 22, 1927.)

1. **Criminal Law—In Prosecution for Robbery, Secondary Evidence of Telegram from Unidentified Person, Stating Defendant Had Victim's Sweater, Was Inadmissible.**

    In prosecution for robbery of money and sweater, state was not entitled to prove defendant's possession of sweater, when apprehended in another state, by secondary evidence of contents of telegram from unidentified person, not under oath, and rejection of such testimony was proper.

2. **Criminal Law—Prosecutor's Argument that He Was Justified in Telling Victim of Robbery that His Sweater Was in Defendant's Possession, Being Based on Inadmissible Testimony, Held Error.**

    In prosecution for robbery of money and sweater, where court properly excluded secondary evidence of contents of telegram from unidentified person making statement about defendant's possession of stolen sweater when apprehended in another state, state attorney's argument to jury that, if they knew what was in telegram, they would know he was justified in telling victim that his sweater was found in defendant's possession, was prejudicial error, especially in view of court's failure, on objection to admonish jury not to regard such statement.

---

Note.—See, Headnote (1), American Key-Numbered Digest, Criminal law, Key-No. 400(10), 16 C. J. Secs. 1214, 1233, 1234; (2) Key-No. 719(4), 16 C. J. Sec. 2242.

Appeal from Circuit Court, Davison County; Hon. Frank B. Smith, Judge.

H. D. Scott was convicted of robbery in the first degree, and he appeals.   Reversed and remanded.

*Roscoe Satterlee,* of Mitchell, for Appellant.

*Buell F. Jones,* Attorney General, and *Bernard A. Brown,* Assistant Attorney General, for the State.

CAMPBELL, P. J.   Defendant was convicted of the crime of robbery in the first degree for taking from one John Ainsley money to the amount of $130 and one blue sweater, the offense being charged to have been committed on November 14, 1925.

It was claimed by the state that the robbery took place shortly

before 8 o'clock in the evening. Defendant admitted that he left by automobile for California about 9 o'clock, or somewhat later, the same evening with some companions, but claimed that he had no connection with the robbery, and had the California trip in contemplation for some time, and undertook to prove an alibi for the late afternoon and evening of the day of the robbery, up to the time of his departure by automobile an hour or more subsequent to the robbery. There was a very considerable question in the evidence as to when the prosecuting witness, Ainsley, first made any claim that defendant was the man who had robbed him, and there was quite a close jury question upon the facts as to the identity of the party who committed the robbery, and as to whether or not it was in fact the defendant. The case was tried to a jury in April, 1926, and the jury disagreed. Upon a second trial, in September 1926, the defendant was convicted, and now prosecutes this appeal.

Appellant appears to have been apprehended in California about a month after the crime was committed, and it appears from the evidence that at the time appellant was apprehended the state's attorney of Davison county sent for the prosecuting witness, Ainsley, and at that time told Ainsley that the appellant had been caught in California with Ainsley's sweater in his possession. It further appears from the testimony of the witness Ainsley that when the appellant was returned to Davison county he did have a sweater but it was not the blue sweater which the witness Ainsley had lost.

[1] The testimony of the witness Ainsley upon cross-examination with reference to his interview with the state's attorney is as follows:

"Q. The state's attorney said something to you there, didn't he? A. He did.

"Q. What did he say? A. The first day?

"Q. Yes. A. Well, I understood him to say they had caught Mr. Scott with the sweater in his possession.

"Q. The state's attorney told you Scott was in California with a sweater in his possession. A. Yes, sir.

"Q. And then is when you said it was Scott? A. No, sir; I said it before that, a long while.

"Q.  Did you swear to any complaint then?    A. When he brought me up?

"Q.  Yes.  A.  He telephoned me to come up the next day again, and then the complaint was filed out.

"Q.  And he telephoned you to come the next day?    A. Yes, sir.

"Q.  And then the complaint was filed?  And then you signed it?    A.  Yes, sir; he gave it to me and told me to take it to the city auditor.

"Q.  You believed what the state's attorney told you?    A.  I really did at that time.

"Q.  And that is the reason you signed this complaint?    A. That was the greatest reason, to tell the truth about it."

This testimony ended the cross-examination of the witness Ainsley ,and was immediately followed by the redirect examination of such witness by the state's attorney, which, with reference to the matter of the conversation between himself and the witness Ainsley, was as follows:

"Q.  Did I show you a telegram at the time you were up in my office?  (Objected to as incompetent, irrelevant and immaterial, and not rebuttal.  Objection sustained and exception allowed.)

"Q.  Now, prior to that time, the time you were up in my office, to whom had you said it was Scott?  A.  Charlie Miner and Petrie and another party, but I don't remember his name.

"Q.  Did you tell the chief of police that at that time?  ' A. Yes; I told him the same time I told you.

"Q.  Now, did you base your statement that it was Scott, out there that night, upon the fact that I told you I had word that he had a sweater on out in California, or words to that effect?  (Objected to as not proper redirect and assuming facts not in evidence.  Objection sustained and exception allowed.)

"Q.  On what did you base your statement this party out there was Mr. Scott?  (Objected to as incompetent and calls for a conclusion, and attempting to impeach his own witness.  Objection sustained and exception allowed.)"

From the questions asked upon redirect examination it is fairly to be inferred that the state's attorney sought to create the impression that at the time of his interview with the witness Ainsley he had recently received and exhibited to the witness

Ainsley a telegram, presumably from some one in California, to the general effect that appellant had been found in California in possession of the blue sweater stolen from the witness Ainsley. Such possession on the part of appellant would have been material, if true, and would have been extremely damaging to appellant, and could and should have been proved as part of the state's case; but no effort was made to make such proof, except as is indicated by the redirect examination of the witness Ainsley. It is, of course, elementary that the state could not prove appellant's possession of Ainsley's sweater when he was apprehended in California by introducing secondary evidence of the contents of a telegram from some unidentified person, not under oath, stating such to be the fact, and the court properly rejected such testimony.

[2] The court having properly refused to permit the state's attorney to bring into the case evidence regarding the telegram in question, the state's attorney nevertheless in his closing argument to the jury made the following statement:

"Now, in regard to the conversation that I had with Ainsley regarding the blue sweater. If you gentlemen were to know what was contained in that telegram, you would know that I was justified in telling old John Ainsley that the blue sweater was found in defendant's possession in California."

To these remarks appellant's counsel promptly made proper objection and asked that the court admonish the jury to disregard them, but it appears from the record before us, which record is properly made by affidavit of appellant's counsel and stands entirely uncontradicted, that the learned trial judge paid no attention to, and did not rule upon the objection made by appellant's counsel, and did not admonish the jury regarding the matter, but simply told the state's attorney to go ahead with his argument. When this statement was made by the prosecutor, it must be remembered that there was no proof whatever in the record that appellant at any time was found in possession of the stolen sweater. It affirmatively appeared that when appellant was returned to South Dakota he had a sweater which was not the stolen sweater. The state had improperly endeavored to inject into the record proof of the receipt, contents, and exhibition to complaining witness of a telegram which may fairly be inferred to have been from some one in California purporting to state in substance that appellant, when

arrested, was in possession of the stolen blue sweater. Such evidence was plainly inadmissible, should never have been offered, and was properly rejected.

In the face of that record, apparently bound to get the matter before the jury at all hazards, however improperly, and in spite of the ruling of the court, the state's attorney in his argument made the statement above set out, thereby in effect himself testifying before the jury that he had received a telegram which was sufficient in its terms, source, and contents to justify him in stating that the blue sweater stolen from complainant was found in the defendant's possession in California. That this was most glaring misconduct on the part of the state's attorney is beyond need for argument or citation of authority. Whether the error could have been cured by proper admonition is not before us, and in the instant case it appears from the uncontradicted affidavit of appellant's counsel, not only that no effort was made to cure the error by admonition, but that in fact the error was aggravated by the conduct of the learned trial judge in disregarding the objections made thereto, failing to admonish the jury as requested, and merely telling the state's attorney to go ahead with his argument, thereby impliedly representing to the jury that there was no impropriety in such argument and that the remarks objected to were not in fact objectionable, but were as proper for their consideration as any other portion of the argument.

Under the circumstances of this case, in view of the closely contested issue of fact as to the identity of the robber, we are not able to say that this error was not prejudicial to the defendant. The misconduct of the state's attorney was gross, and so far as the record before us indicates without justification or excuse, and because of such misconduct, and solely because of it, this court is under the unfortunate necessity of reversing the judgment and order appealed from, and the cause is remanded for a new trial.

POLLEY and BURCH, JJ., concur.

GATES and SHERWOOD, JJ., not sitting.